## SMITH et ux. v. HUBBARD et ux.

No. 20123. Opinion Filed July 7, 1931.

Pruett & Wamsley, for plaintiffs in error.

Morris & Wilhite, for defendants in error.

HEFNER, J. This is an action brought by Charley Smith and Ellen Smith against Allen M. Hubbard and Sadie M. Hubbard to recover damages for placing of record an instrument which created an apparent cloud against the title to their land. Plaintiffs in their petition allege that they are the owners of lots 1 and 2 and the south half of the northeast quarter, section 2, township 11 north, range 11 west, Caddo county; that defendant Allen M. Hubbard executed a deed to his wife conveying certain land in which was included lots 1 and 2 above mentioned; that the deed was placed of record by defendants. Plaintiffs further allege that they had contracted to sell an oil and gas lease on the land, but that the deal was not consummated because of the apparent cloud created against the title by the execution of this deed. At the trial plaintiffs offered to prove that they had an opportunity to sell an oil and gas lease on the land, but that their title was not approved because of this deed; that they prepared and presented to defendants for their execution a quitclaim deed, in order that this apparent cloud might be removed. The offered evidence was by the court excluded, and a demurrer sustained to the evidence and judgment rendered in favor of defendants. Defendants claimed no interest in the land.

It appears that the evidence was excluded on the theory that it was a stray deed and in no wise connected with plaintiffs' chain of title, and was therefore not a cloud upon the title. It may be conceded that the instrument did not, in a legal sense, constitute a cloud upon plaintiffs' title, but this does not necessarily preclude a recovery. If the offered evidence be true, the instrument interfered with plaintiffs' right to freely deal with their property, and defendants' failure to execute the quitclaim deed when requested caused them to suffer loss.

Section 5969, C. O. S. 1921, provides:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

We do not believe it would be considered lawful for one who claimed no interest in a tract of land to place an apparent cloud upon the title thereto. Plaintiffs' cause of action is not founded upon the mere fact that the deed was inadvertently placed of record, but is founded upon the failure of defendants, when requested, to execute a quitclaim deed in order that the apparent cloud created against their land by defendants might be removed. If plaintiffs suffered damages by reason of this act, we think they should be permitted to recover. The evidence should have been admitted.

Defendants further contend that the deed did not cover any land belonging to plaintiffs. It covers lots 1 and 2 in section 2, and clearly covers land belonging to plaintiffs.

Judgment is reversed and cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.